**FRANK BROS., INC., Plaintiff,**

v.

**WISCONSIN DEPARTMENT OF TRANSPORTATION, Frank Busalacchi, in his official capacity as Secretary of the Wisconsin Department of Transportation, and Marilyn Kuick, in her official capacity as Chief, EEO/Labor Compliance in the Wisconsin Department of Transportation, Defendants.**

No. 03–C–83–C.

United States District Court, W.D. Wisconsin.

July 18, 2003.

Dennis M. White, Madison, WI, for Plaintiff.

William H. Ramsey, Assistant Attorney General, Madison, WI, for Defendants.

## OPINION and ORDER

CRABB, District Judge.

This is a civil action for declaratory and injunctive relief brought pursuant to the Davis–Bacon Act, 40 U.S.C. §§ 3141–3148, the Federal–Aid Highway Act, 23 U.S.C. §§ 101–189, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Plaintiff Frank Bros., Inc., contends that defendants Wisconsin Department of Transportation, Frank Busalacchi and Marilyn Kuick cannot force it to require its subcontractors to pay certain employees prevailing wages pursuant to a Wisconsin statute for work that the employees performed while hauling material between a quarry and a construction site because the state prevailing wage statute is preempted by federal law. Jurisdiction is present. 28 U.S.C. § 1331. The case is presently before the court on defendants' motion to dismiss. Because I conclude that federal law does not preempt application of Wisconsin's prevailing wage statute to a contractor's employees who haul materials to and from a job site, I will grant defendants' motion to dismiss.

For the sole purpose of deciding the pending motion, plaintiff's allegations in the complaint are accepted as true.

## ALLEGATIONS OF FACT

Plaintiff Frank Bros., Inc. is a Wisconsin corporation with its principal place of business in Janesville, Wisconsin. Defendant Wisconsin Department of Transportation is an agency of the state of Wisconsin. Defendant Busalacchi is Secretary of defendant Wisconsin Department of Transportation and is responsible for directing and supervising the department. Defendant Marilyn Kuick is the chief EEO/Labor Compliance officer for defendant Wisconsin Department of Transportation. Defendant Kuick is responsible for interpreting and applying prevailing wage statutes to the highway contracts entered into by defendant Department of Transportation.

At all times relevant to this case, plaintiff has been a subcontractor on two Department of Transportation contracts and projects in Rock County, Wisconsin. Both projects receive federal funds. Pursuant to the contracts, plaintiff provided certain aggregates and materials to the projects' job sites and hauled recycled materials away from the sites. In order to provide the materials to the sites, plaintiff hired trucking subcontractors and independent trucking contractors to provide drivers and trucks to haul the materials. The materials provided by plaintiff for the projects were taken from a commercial quarry pit owned by plaintiff. The pit was in operation before commencement of the projects and plaintiff has sold and continues to sell aggregates and materials from the pit to its customers and the public.

The contracts for the projects incorporate the terms of the Davis–Bacon Act and require the payment of prevailing wages under federal law. The contracts also contain a provision requiring plaintiff to require its subcontractors to pay prevailing wages. Federal regulations provide that truck drivers who haul and deliver materials to a highway project from a commercial pit are not covered by the Davis–Bacon Act and are not required to pay federal prevailing wages because such hauling and delivery is not deemed to be work under the contract. Pursuant to these regulations, plaintiff did not require its subcontractors who were hauling crushed limestone from its commercial pit to the project job sites to pay their drivers the prevailing wage set forth in the contract and did not submit weekly payroll records showing the number of hours worked and wages paid these employees, as is required by federal regulations applicable to employees covered by the Davis–Bacon Act.

Defendant Department of Transportation has determined that plaintiff's subcontractors who hauled materials from plaintiff's commercial pit to the project sites must pay their drivers the prevailing wage determined according to Wisconsin's prevailing wage law for subcontractors working on Department of Transportation highway construction projects, on the ground that such hauling and delivery is work under the contract under state law. By letter dated January 15, 2003, defendant Kuick ordered plaintiff to pay prevailing wages to all truck drivers who hauled crushed limestone from plaintiff's commercial pit to the project sites and to insure that owner-operators submit payroll sheets showing the hours worked and wage rates paid for work on the projects. Defendant Kuick told plaintiff that it should pay back wages if it had not been paying state prevailing wages on the projects. Finally, Kuick stated that Wisconsin's prevailing wage law covered more types of work than those covered by the Davis–Bacon Act.

## OPINION

### A. *Jurisdiction*

 Plaintiff contends that the Davis–Bacon Act and the Federal–Aid Highway Act preempt defendants' effort to apply Wisconsin's prevailing wage law to plaintiff's truck drivers who hauled material to and from the project sites at issue in this case and seeks a declaratory judgment to that effect, along with injunctive relief. Although the parties have not discussed the issue of jurisdiction in any detail, "a federal district court must assure itself that it has jurisdiction to hear the matter presented to it." *Hay v. Indiana State Board of Tax Commissioners*, 312 F.3d 876, 878 (7th Cir.2002). This is particularly important in this case because the Declaratory Judgment Act "is not an independent source of subject matter juris-

diction," *Ameritech Benefit Plan Committee v. Communication Workers of America,* 220 F.3d 814, 818 (7th Cir. 2000), and the Court of Appeals for the Seventh Circuit has noted that generally, "a conflict between federal law and state law is not enough to confer subject matter jurisdiction." *Northeast Illinois Regional Commuter Railroad Corp. v. Hoey Farina & Downes,* 212 F.3d 1010, 1015 (7th Cir.2000). Nevertheless, the Supreme Court has emphasized that it is

> beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *See Ex parte Young,* 209 U.S. 123, 160–62, 28 S.Ct. 441, 52 L.Ed. 714 (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *see also Illinois v. General Electric Co.,* 683 F.2d 206, 211 (7th Cir.1982) ("The commerce and supremacy clauses of the Constitution create rights enforceable in equity proceedings in federal court"); *Fleet Bank National Assoc. v. Burke,* 160 F.3d 883, 887–89 (2d Cir.1998). The procedural posture of this case is similar to that in *Shaw.* In addition to requesting declaratory relief, plaintiff is seeking to enjoin state regulation of its activities on the basis of the Constitution's supremacy clause. Accordingly, this court has jurisdiction to address the merits of plaintiff's claims.

To understand plaintiff's preemption argument, it is necessary to describe the relevant portions of the Davis–Bacon Act, the Federal–Aid Highway Act and the regulations implementing those acts.

### B. *Relevant Federal Statutes and Regulations*

The Davis–Bacon Act provides that the "advertised specifications for every contract in excess of $2,000, to which the Federal Government ... is a party ... and which requires or involves the employment of mechanics or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics" and that "the contractor or subcontractor shall pay all mechanics and laborers *employed directly on the site of the work* ... the full amounts accrued at time of payment ...." 40 U.S.C. §§ 3142(a), (c)(1) (emphasis added). The federal regulations implementing the act provide that "the transportation of materials or supplies to or from the site of the work by employees of the construction contractor or a construction subcontractor is not" covered by the act. 29 C.F.R. § 5.2(j)(2). In other words, under the Davis–Bacon Act, workers who transport materials to and from a work site are not employed directly on the work site and therefore do not benefit from the act's protections. Further, the Federal–Aid Highway Act incorporates the prevailing wage provisions of the Davis–Bacon Act. *See* 23 U.S.C. § 113(a) ("all laborers and mechanics employed by contractors or subcontractors on the construction work performed on highway projects on the Federal-aid highways ... shall be paid wages at rates not less than those prevailing on the same type of work on similar construction in the immediate locality as determined ... in accordance with" the Davis–Bacon Act).

The contracts for the projects at issue in this case incorporate Federal Highway Administration Form 1273, titled "Required Contract Provisions Federal–Aid Con-

struction Contracts." *See* Plt.'s Resp. Br., dkt. # 9, at Exs. 1 & 2. Section IV, 1(c) of this form says that "[a]ll rulings and interpretations of the Davis–Bacon Act and related acts contained in 29 CFR 1, 3, and 5 are herein incorporated by reference in this contract." As noted earlier, the federal regulation excluding truck drivers who haul materials to and from a work site from the Davis–Bacon Act's protections is found in 29 C.F.R. § 5. Incorporation of Form 1273 into the contract is itself required by a federal regulation. *See* 23 C.F.R. § 633.102(b) (stating that "required contract provisions contained in Form FHWA–1273 shall be physically incorporated in each Federal-aid highway construction contract"). The regulations also provide that the "required contract provisions contained in Form FHWA–1273 shall apply to all work performed on the contract by the contractor's own organization and to all work performed on the contract by piecework, station work, or by subcontract." 23 C.F.R. § 633.102(d).

Taken together, these provisions lead plaintiff to the conclusion that "it is clear that federal law defines the scope of work to be performed under the contract if federal aid is supplied to a project" and therefore federal law preempts any effort by the state to apply its prevailing wage law, Wis. Stat. § 103.50, to "work" that is excluded from coverage under the Davis–Bacon Act (specifically, hauling material to and from a work site).

### C. *Preemption*

■ The Constitution and laws of the United States are "the supreme Law of the Land; ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding," U.S. Const. art. VI, cl. 2. This principle affords Congress the power to preempt state law. Plaintiff does not maintain that in enacting the Davis–Bacon or Federal–Aid Highway acts, Congress preempted in express terms state regulation of prevailing wages on state highway projects receiving federal funds. However, preemption may occur without express language when "Congress intends federal law to 'occupy the field'" (field preemption) or when "state law is naturally preempted to the extent of any conflict with a federal statute" (conflict preemption). *Crosby v. National Foreign Trade Council,* 530 U.S. 363, 372, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). Plaintiff argues that both field preemption and conflict preemption prevent defendants from applying the state's prevailing wage law to work performed by drivers who haul material to and from a work site, because federal law determines conclusively that such activity is not "work under the contract."

> [B]ecause the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action. In all pre-emption cases, and particularly those in which Congress has 'legislated ... in a field which the States have traditionally occupied,' we 'start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'

*Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (internal citations omitted). State prevailing wage statutes fall within a regulatory field traditionally occupied by the states. *See, e.g., California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.,* 519 U.S. 316, 325, 330, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997). Therefore, plaintiff bears the burden of showing that Congress clearly and manifestly intended to preempt the state law at issue here.

## 1. Field preemption

Under the doctrine of field preemption, "Congress' intent to pre-empt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation" or "where the field is one in which the 'federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985) (citations omitted).

Plaintiff's field preemption argument is elusive at best. Apparently, plaintiff argues that because (1) the Federal–Aid Highway Act requires that all laborers employed on highway projects that receive federal aid are to be paid in accordance with the Davis–Bacon Act and (2) federal regulations exclude drivers who haul material to and from a job site from the Davis–Bacon act's coverage, Congress has so comprehensively regulated the "scope of the work" performed on highway projects to which it contributes money that any state effort to impose its own regulations on such work is impermissible. Plaintiff's argument is implausible for several reasons.

First, I agree with defendants that the Department of Labor's regulation limiting the Davis–Bacon Act's protections to certain workers and tasks and the incorporation of that regulation into the Federal–Aid Highway Act do not demonstrate a clear congressional intent to preempt the application of state prevailing wage regulations to all state highway projects that receive some federal funding. Essentially, plaintiff is asking the court to draw a sweeping inference that Congress intended to preempt an area of traditional state regulation on the basis of a single rule promulgated by a federal agency. Although both federal regulations and statutes can preempt state laws, *id.,* drawing an inference of preemption is problematic in this case because the Federal–Aid Highway Act itself provides that the "construction work and labor in each State shall be performed under the direct supervision of the State transportation department *and in accordance with the laws of that State* and applicable Federal laws." 23 U.S.C. § 114(a) (emphasis added). Courts should be more "reluctant to infer pre-emption from the comprehensiveness of regulations than from the comprehensiveness of statutes." *Hillsborough,* 471 U.S. at 717, 105 S.Ct. 2371. Where, as here, the statutory language expresses a clear preference for state and federal collaboration, it would be particularly inappropriate to find field preemption.

Moreover, in *Siuslaw Concrete Construction Co. v. Washington Department of Transportation,* 784 F.2d 952 (9th Cir. 1986), the Court of Appeals for the Ninth Circuit rejected a nearly identical preemption challenge to a state statute that required the payment of higher wages to certain workers than otherwise required by the Federal–Aid Highway and Davis–Bacon acts. Like this case, *Siuslaw* involved a state highway contract partly funded with federal aid and therefore subject to the Davis–Bacon Act's prevailing wage requirements. However, the Federal–Aid Highway Act contains an exemption from the Davis–Bacon wage requirements for laborers participating in certified training programs. *See id.* at 954; 23 U.S.C. § 113(c). In *Siuslaw,* the plaintiff was a contractor on the highway project who sought to take advantage of this exemption, but was nevertheless forced to pay the trainees a higher wage than the rate otherwise permissible under federal law on

the basis of a Washington prevailing wage statute. The contractor sought a declaratory judgment that the state statute was preempted by the regulations implementing the Federal–Aid Highway Act and that therefore the state could not require it to pay wages higher than those required by the federal regulations. *Siuslaw,* 784 F.2d at 954–55. The court of appeals concluded that the federal regulations were not so comprehensive as to suggest Congress intended to preempt all state regulation of trainee programs and wages on state highway projects receiving federal aid. *See id.* at 957–58. The court of appeals noted the Supreme Court's admonition that "merely because [a federal regulation is] sufficiently comprehensive to meet the need identified by Congress [does] not mean that States and localities [are] barred from identifying additional needs or imposing further requirements in the field." *Hillsborough,* 471 U.S. at 717, 105 S.Ct. 2371. Similarly, even assuming in this case that the Department of Labor's regulation correctly captured the intent of Congress in excluding certain workers from the Davis–Bacon Act's protections, there is no indication that the regulation was also intended to preempt state law. *See Siuslaw,* 784 F.2d at 957 (because courts " 'can expect that [federal agencies] will make their intentions clear if they intend for their regulations to be exclusive,' [courts should] not infer a federal intent to preempt state requirements in this area from a regulation which does not explicitly address the issue") (quoting *Hillsborough,* 471 U.S. at 718, 105 S.Ct. 2371).

Plaintiff also argues briefly that because the federal government spends billions of dollars each year on state highway projects, the federal interest in regulating the wages paid to workers on those projects is so dominant as to preempt all state laws touching on the same subject. *See* Plt.'s Resp. Br., dkt. # 9, at 9 ("Thus, the federal government's interest in insuring how its dollars are spent, and in defining the scope of the contract, is paramount."). This argument proves too much. As defendants point out, it implies that the application of state law to any program funded in part by federal dollars would be preempted if the state law increased the program's cost, regardless whether the law fell within a traditional sphere of state regulation. *See Hillsborough,* 471 U.S. at 719, 105 S.Ct. 2371 ("Undoubtedly, every subject that merits congressional legislation is, by definition, a subject of national concern. That cannot mean, however, that every federal statute ousts all related state law."). In short, I am not convinced that the Davis–Bacon Act, as incorporated in the Federal–Aid Highway Act, evinces a congressional intent to preempt the application of state prevailing wage laws to state highway projects that receive federal aid.

### 2. Conflict preemption

■■ Plaintiff argues also that conflict preemption bars defendants' effort to apply Wisconsin's prevailing wage law to drivers who haul material to and from project sites. Conflict preemption arises "where it is impossible for a private party to comply with both state and federal law" or where " 'under the circumstances of [a] particular case, [the challenged state law] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Crosby,* 530 U.S. at 372–73, 120 S.Ct. 2288 (citations omitted). As with its field preemption argument, plaintiff's conflict preemption theory is difficult to follow. Plaintiff states that "[i]f federal law says 'this is the scope of the work under the contract and it does not include the work of delivering materials' and the Wisconsin D.O.T. interprets the contract to say that 'the work under

the contract does include the delivery of materials,' there is a conflict" that makes it "physically impossible to perform and not perform the same act of delivering the materials." Plt.'s Resp. Br., dkt. # 9, at 11. Plaintiff's argument misses the point. One way or another, the materials must be delivered. The federal government has approved the contract in question, *see* 23 U.S.C. § 106(a), and it requires delivery by incorporating defendant Wisconsin Department of Transportation's "Standard Specifications for Highway and Structure Construction," which requires the hauling of materials from pits or quarries to the job site. *See* Plt.'s Resp. Br., dkt. # 9, at Ex. I p. 2 of 62 *and* Dfts.' Reply Br., dkt. # 12, Ex. A at § 6.17.1. The relevant question is how much the drivers must be paid for this work. In this regard it is not impossible for plaintiff to comply with both the Federal–Aid Highway Act and the state's prevailing wage law. The Federal–Aid Highway Act requires that laborers "shall be paid wages at rates *not less than* those prevailing on the same type of work on similar construction in the immediate locality as determined … in accordance with" the Davis–Bacon Act. 23 U.S.C. § 113(a) (emphasis added). The fact that workers who haul material to and from a job site are not covered by the Davis–Bacon Act does not make it impossible for plaintiff to pay workers engaged in such work higher wages in accordance with state law. *Cf. Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 257, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984) ("Paying both federal fines and state-imposed punitive damages for the same incident would not appear to be physically impossible.").

Plaintiff also argues that "the act of the State in adding onto the work under the contract and in using federal funds for work not contemplated by the federal government does stand as an obstacle to the federal government's goal of determining the scope of the work and determining how the money is spent." Plt.'s Resp. Br., dkt. # 9, at 11. This is little more than a rehash of plaintiff's field preemption argument. Moreover, nothing in the Federal–Aid Highway and Davis–Bacon acts indicates that Congress's objective was to insure federal hegemony over the particular type of construction work to which states could apply federal funds on a federally approved project. The object of the Davis–Bacon Act is to "fix[ ] *a floor* under wages on Government projects" for the benefit of workers employed by federal contractors. *United States v. Binghamton Const Co.*, 347 U.S. 171, 177, 74 S.Ct. 438, 98 L.Ed. 594 (1954) (emphasis added). The Federal–Aid Highway Act's primary purpose "is to stimulate and accelerate construction of the federal-aid highway systems by offering federal aid to state and local bodies who construct … approved highways." *D.C. Federation of Civic Associations, Inc. v. Airis*, 391 F.2d 478, 482 (D.C.Cir.1968). Plaintiff does not suggest how these broad objectives are impeded by the state's prevailing wage law. Accordingly, I conclude that plaintiff has failed to demonstrate that federal law preempts the application of Wisconsin's prevailing wage law to plaintiff's subcontractors' employees who haul materials from plaintiff's quarry to the work sites at issue in this case.

### 3. *Wis. Stat. § 84.015*

Plaintiff argues that "the state prevailing wage claim is preempted due to the impact of Wis. Stat. § 84.015." Plt.'s Resp. Br., dkt. # 9, at 15. That statute provides in relevant part that the "state of Wisconsin assents to the provisions of [the Federal–Aid Highway Act] … [and] declares its purpose and intent to give assent to all federal highway acts." Wis. Stat. § 84.015(1). Plaintiff does not explain how

a state statute can accomplish federal preemption of another state statute. Under the supremacy clause, the " 'purpose of Congress is the ultimate touchstone.' " *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 55 L.Ed.2d 443 (1978) (quoting *Retail Clerks International Assoc. v. Schermerhorn*, 375 U.S. 96, 103, 84 S.Ct. 219, 11 L.Ed.2d 179 (1963)). The intent of the state legislature is irrelevant for purposes of deciding whether Congress has preempted state law. To the extent plaintiff is attempting to state a claim under Wisconsin law, it acknowledges that Wis. Stat. § 84.015 has never been interpreted by any state court. Accordingly, I decline to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. 1367(c)(1) (district court may decline supplemental jurisdiction over state law claim that raises novel issue of state law).

## ORDER

IT IS ORDERED that the motion to dismiss of defendants Wisconsin Department of Transportation, Frank Busalacchi and Marilyn Kuick is GRANTED for plaintiff Frank Bros., Inc.'s failure to state a claim upon which relief may be granted. I decline to exercise supplemental jurisdiction over plaintiff's state law claim. The clerk of court is directed to enter judgment for defendants and close this case.